IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00214-CMA-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    **SARAH MAE CERVANTES**,

    Defendant.

### PLEA AGREEMENT

The United States of America (the Government), by and through Cyrus Y. Chung, Assistant United States Attorney for the District of Colorado, and the defendant, Sarah Mae Cervantes, personally and by counsel, Greg Daniels, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees

(1)    to waive indictment and plead guilty to an Information charging a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), Distribution of 50 Grams and More of a Mixture and Substance Containing Methamphetamine;

(2)    to waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    agree not to contest forfeiture as more fully described below.

COURT EXHIBIT 1

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The government agrees to move to dismiss the Indictment with prejudice, against this defendant only. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 25; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how her sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied

§ 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853 whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.   The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to her if notice is not sent within the prescribed time frames.  The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), Distribution of 50 Grams and More of a Mixture and Substance Containing Methamphetamine, are as follows:

### Count One: 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii)

*First:*  the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second:*  the substance was in fact a mixture or substance containing a detectable amount of methamphetamine;

*Third:*  the defendant possessed the substance with the intent to distribute it; and

*Fourth:*  the amount of the controlled substance possessed by the defendant was at least 50 grams.

## III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Information is: not less than 5 years, not more than 40 years imprisonment; not more than a $5,000,000 fine, or both; not less than 4 years supervised release; and a $100 mandatory victim's fund assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18

U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On January 28, 2021, at 3:15 p.m., an FBI confidential human source (CHS) called co-defendant Lynn Roeder to arrange for the purchase of a pound of methamphetamine.  Thereafter, Roeder negotiated the deal with the CHS, leading the CHS and FBI agents to a series of locations before ultimately leaving the actual distribution of a smaller quantity of methamphetamine to the defendant.

At 3:57 p.m., Roeder confirmed that the location of the purchase would be a Target in Greenwood village.  The CHS went to the location and, at 5:10 p.m., received a call from Roeder that she would be at the Target in 10 minutes.  20 minutes later, Roeder suggested a move to a gas station in the area, and both the CHS and Roeder went to a Conoco gas station in Centennial.

There, they discussed the transaction, and Roeder said she did not have the methamphetamine with her, and the methamphetamine she had was of low quality. She told the CHS that she had just sold two pounds of methamphetamine at a hotel earlier that day. She stated that she would make a call and pick up the methamphetamine for the CHS, and the CHS agreed to give her $3500 for one pound

and some extra.

Roeder made a call and advised that she would pick up the methamphetamine and deliver it in the area of I-25 and Downing in Denver, CO. The CHS paid Roeder $3920, miscounting what the CHS thought was $3500, and Roeder left the area.

At 6:10 p.m., the CHS called Roeder and the two agreed to meet at a Ross clothing store in Denver so that she could deliver the methamphetamine there. The CHS arrived there at 6:33 p.m., and Roeder called at 7:08 p.m., averring that she was uncomfortable with the parking lot because she had seen vehicles there that she had observed at the Target parking lot. She then called from a different phone number and asked the CHS to meet her at the Nordstrom Rack Store in Denver. When she arrived there, she told the CHS that the location wasn't safe and that she was going to go into the store with "Sarah," the defendant.

The CHS entered the store and made contact with them both. Roeder stated that some of the methamphetamine was in her vehicle and some was on her person, acting nervous and pointing out strangers as possible law enforcement agents. She left the store, heading in an unknown direction, while the defendant headed to the black Volkswagen Roeder had taken to the Nordstrom Rack store. Approximately half an hour later, the defendant told the CHS over the phone that she didn't know where Roeder went, but that Roeder left the phone in the car and some methamphetamine. She stated she would bring it to the CHS and did so, distributing it to the CHS at a Loaf and Jug gas station at 1495 S. Colorado Blvd., Denver, CO.

The methamphetamine was sent to the DEA Western Laboratory and found to weigh 85 grams and be 88% pure for a total of 74.8 grams of methamphetamine (actual).

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

   a)   Under Section 2D1.1, the base offense level is 30.

   b)   No specific offense characteristics apply.

   c)   The parties agree that the defendant should receive a **2-level** adjustment because she was a minor participant. USSG § 3B1.2(b). The parties agree that no other victim, role-related, or career offender adjustments apply.

   d)   The adjusted offense level is 28.

e) The parties agree that the defendant should receive a **3-level** adjustment for acceptance of responsibility. USSG § 3E1.1(b). The resulting total offense level is 25.

f) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category IV.

g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h) The advisory guideline range resulting from these calculations is 84-105 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 60 months (statutory mandatory minimum) to 137 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

i) Pursuant to guideline § 5E1.2 and 21 U.S.C. § 841(b)(1)(B), assuming the estimated offense level above is correct, the fine range for this offense would be $20,000 to $5,000,000, plus applicable interest and penalties.

j) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall at least 4 years.

k) The parties agree that there is no restitution in this case.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 1/10/23

Sarah Mae Cervantes
Defendant

Date: 1/10/23

Greg Daniels
Attorney for Defendant

Date: 10/Jan 2023

Cyrus Y. Chung
Assistant U.S. Attorney